## Case No. 9,523.

### MICHAELSON v. DENISON et al.

[Brun. Col. Cas. 63; 1 3 Day, 294.]

Circuit Court, D. Connecticut. Sept., 1808.

COURTS—FEDERAL JURISDICTION — ALIENS — SEAMEN—CORPORAL PUNISHMENT—DISOBEDIENCE.

1. Federal courts do not acquire jurisdiction of a case because one of the parties is a subject of a foreign power: such subject may still be a naturalized citizen. The party must be stated to be an alien in express terms.

[Cited in Berlin v. Jones. Case No. 1,343.]

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

2. The master of a vessel has a right during the voyage to punish mariners by corporal chastisement for disobedience to his reasonable commands for insolence and other offenses.

[Cited in Fuller v. Colby, Case No. 5,149.]

This was an action of assault and battery [by Charles Michaelson against Abel Denison and others.]

After the declaration was read, Livingston, J., inquired on what ground the cause was brought before this court. Was it because the plaintiff was an alien? He was not so described in the declaration. The description was, "Charles Michaelson, of Bass End, in the Island of St. Croix, a foreign subject, viz., a subject of the King of Sweden." By the constitution of the United States the judicial power may extend to cases between citizens of a state and foreign subjects; but congress, in the provision of the judiciary act [1 Stat. 73] under that clause, have restricted it to cases in which "an alien is a party." He must be stated to be an alien, in express terms. It is not sufficient that the description be such as to imply it. This court will take nothing by implication. Besides, it is a non sequitur that because a man is a subject of a foreign power he is an alien; he may be at the same time a naturalized citizen of this state.

Mr. Staples, for plaintiff, moved for leave to amend.

Mr. Staples and Mr. Wales, for plaintiff.
Mr. Ingersoll and N. Smith, for defendants.

LIVINGSTON, Circuit Justice, at first said he did not see how a court not having jurisdiction could make any order in the cause. But upon its being stated that an amendment had been allowed, at the last term, under similar circumstances, he remarked that the court had not committed itself on the point; and after a short consultation between the judges, the motion was granted upon payment of costs. On the trial it appeared that Denison, one of the defendants, was the master of a vessel, and the plaintiff his mariner; and that the beating complained of consisted in the punishment inflicted by the former upon the latter, for disobedience of orders, insolent language and personal violence. The plaintiff's counsel contended that the master has no right to inflict corporal punishment for insolent language, nor for disobedience to orders, not relating immediately to the management of the vessel, nor, indeed, for past offenses of any kind.

LIVINGSTON, Circuit Justice, in summing up. after taking notice of the weapon, which was not dangerous, the mode of punishment, which was not unusual, and the degree which, however severe, was less that sufficient to reduce the plaintiff to submission. recognized the right of the master, during the voyage, to correct a mariner for disobedience to any reasonable commands, and for insolence and other offenses. The punishment, in its nature, is not limited to confinement, corporal chastise-

ment being often necessary and proper; and as to its extent, depends upon the circumstances of the case, the aggravation of the offense, or the continuance of the disobedience. This is a salutary authority and ought to be maintained. Without it, it would be impossible to navigate our vessels.

Verdict for the defendants.